# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-5204**                    **September Term, 2020**

FILED ON: NOVEMBER 6, 2020

IN RE: NAVY CHAPLAINCY,

CHAPLAINCY OF FULL GOSPEL CHURCHES, ET AL.,
                APPELLEES

ASSOCIATED GOSPEL CHURCHES,
                APPELLANT

v.

UNITED STATES NAVY, ET AL.,
                APPELLEES

Consolidated with 19-5206

Appeals from the United States District Court
for the District of Columbia
(No. 1:07-mc-00269)

Before: SRINIVASAN, *Chief Judge*, RAO, *Circuit Judge*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

The court considered this appeal on the record from the United District Court for the District of Columbia and on the briefs and oral argument of the parties. The court afforded full consideration to the issues presented and determined a published opinion is not warranted. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court expressed in an opinion and order issued on August 30, 2018 be **AFFIRMED**. In that opinion the court denied the Plaintiffs' motions to lift a discovery stay and to stay summary judgment pending further discovery. In addition, the district court denied summary judgment for the Plaintiffs and granted

summary judgment for the Navy on the Plaintiffs' claims that the Navy's selection board policies and procedures violate the First and Fifth Amendments to the Constitution of the United States, and on their claim that 10 U.S.C. § 613a is unconstitutional as applied to the facts of this case. The Plaintiffs appealed each of these decisions.

Our review of a district court's decision to grant or deny a motion for summary judgment is *de novo*. *Capitol Sprinkler Inspection, Inc. v. Guest Servs.*, 630 F.3d 217, 223-24 (D.C. Cir. 2011). We review a district court's ruling on discovery matters under the more deferential abuse of discretion standard. *See, e.g.*, *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).

First, the district court did not abuse its discretion in declining to permit further discovery. Judge Bates inherited this action in late 2017, nearly two decades after it began. By the time it reached him, the Plaintiffs had taken extensive discovery, including 25 interrogatories, 136 requests for production, and 17 depositions. Between 2002 and 2009, discovery was open for over five years net of intermittent stays. The district court was surely correct in concluding the Plaintiffs had had "ample opportunity" to conduct discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

Second, the district court was right to reject the Plaintiffs' most recent attempt to evade the statute that prohibits discovery of selection board proceedings. On appeal, the Plaintiffs have still "advanced no coherent theory" to explain their assertion that the statute violates the Constitution simply because discovery of board proceedings might help the Plaintiffs' case. *In re Navy Chaplaincy* 323 F. Supp. 3d 25, 51 (D.D.C. 2018) (quoting *Adair v. Winter*, 451 F. Supp. 2d 210, 220 (D.D.C. 2006)).

Third, the district court made no mistake in granting summary judgment for the Navy on the Plaintiffs' various First Amendment[1] challenges to its selection board policies. *See Chaplaincy*, 323 F. Supp. 3d at 35-36, 55-56. With regard to the claims that certain selection board policies violated the Establishment Clause, the Plaintiffs had to show each policy had an unconstitutional effect; that is, the Plaintiffs had to show "the selection policies appear[ed] to endorse religion in the eyes of a reasonable observer." *In re Navy Chaplaincy*, 738 F.3d 425, 430 (D.C. Cir. 2013) (emphasis and internal quotation marks omitted). To prove an endorsement with statistics, the Plaintiffs had to show a stark disparity in outcomes during the relevant period, *id.* at 431, but the statistics they offered came nowhere close to doing so. The Plaintiffs' alternative argument, an analogy to *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116 (1982), is foreclosed by the law of the case. *See In re Navy Chaplaincy*, 697 F.3d 1171, 1179 (D.C. Cir. 2012).

It is

---

[1] The Plaintiffs do not press their Fifth Amendment challenges on appeal.

**FURTHER ORDERED** and **ADJUDGED** that the district court's opinion and order dismissing for lack of standing appellant Associated Gospel Churches' (AGC's) claim challenging the Navy's alleged policy of recruiting chaplains without regard to the Navy's "free exercise needs" be **REVERSED** in relevant part, and that this claim be **REMANDED** to the district court for further consideration.

AGC, a chaplain endorsing agency, joined this action in its own right and as a representative of its members to challenge various aspects of the Navy's policies and procedures for accessing and promoting chaplains. In February 2015, the Navy moved to dismiss AGC's challenges to its accession policies for lack of standing. AGC implicitly conceded it lacked standing to pursue most of its accession claims, but argued it had both organizational and representational standing to attack the Navy's alleged policy of setting chaplain accession goals that do not correspond to the "free exercise needs" (i.e., religious demographics) of the Navy. In 2016, the district court held AGC did not have organizational or representational standing to pursue this claim. *In re Navy Chaplaincy*, 170 F. Supp. 3d 21, 31-33. Later that year, AGC abandoned its remaining claims and asked the district court to dismiss AGC from the action so it could join a Rule 54(b) motion some of the Plaintiffs planned to file.

On appeal, AGC argues it has standing in its own right to challenge the Navy's faith-neutral accession goals.[2] We agree. AGC alleged the Navy's accession goals resulted in AGC's chaplain candidates entering the Navy at a significantly lower rate than they otherwise would have. AGC further alleged, because it relies upon its chaplains for financial support, it loses money when its ability to find placements for its candidates is hindered. AGC also alleged its low rate of success placing candidates in the Navy tarnished its reputation. These allegations satisfy all three elements of standing. We express no opinion on the sufficiency of the allegations in any other respect. The claim will be remanded to the district court for further proceedings.

It is

**FURTHER ORDERED** and **ADJUDGED** that the district court's order holding certain Plaintiffs' claims untimely under 28 U.S.C. § 2401(a) be **VACATED** in relevant part and these claims be **REMANDED** to the district court for consideration whether equitable tolling applies to any or all of these claims under a theory of fraudulent concealment.

In 2014, the district court granted summary judgment for the Navy on each claim based upon policies or personnel actions finalized more than six years before the filing of the

---

[2] AGC forfeited any argument for standing on behalf of its members by failing to develop it beyond a conclusory recitation of elements. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way" (quotation omitted)).

respective suit. Twenty-three Plaintiffs were dismissed from the action as a result.

The Plaintiffs had argued the statute of limitations should be equitably tolled because the Navy fraudulently concealed its alleged misconduct. The district court rejected this argument pursuant to then-controlling precedent holding the statute of limitations in 28 U.S.C. § 2401(a) is jurisdictional, and therefore not subject to equitable tolling. *See, e.g.*, *Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014) ("We have long held § 2401(a) creates a jurisdictional condition attached to the government's waiver of sovereign immunity") (cleaned up); *P & V Enters. V. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1026 (D.C. Cir. 2008) (applying this rule). Shortly thereafter, however, the Supreme Court held equitable tolling is available under § 2401(b), calling our view of § 2401(a) into doubt. *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). The Plaintiffs moved for reconsideration, which was denied, as the district court correctly stated it "remain[ed] bound by Circuit precedent as it currently" stood. While this case was on appeal, this court overturned our precedent on § 2401(a). *Jackson v. Modly*, 949 F.3d 763, 776-78 (Feb. 14, 2020) ("[W]e hold that § 2401(a)'s time bar is nonjurisdictional and subject to equitable tolling").

Constrained by our former interpretation of § 2401(a), the district court never had occasion to consider the merits of the Plaintiffs' fraudulent concealment arguments. The Navy urges us to decide the issue in the first instance. Appellee's Br. at 24-25 (citing *Liff v. Off. of Inspector Gen.*, 881 F.3d 912, 919 (D.C. Cir. 2018) (holding the court of appeals may decide certain "straightforward legal question[s]" not considered by the district court)). We decline this invitation. Fraudulent concealment is a fact-bound inquiry, entailing questions such as: "Did the Navy use some trick or contrivance to conceal the alleged discrimination?"; "Were the affected Plaintiffs on notice of it regardless?"; and "Did the affected Plaintiffs exercise diligence?". *See Hobson v. Wilson*, 737 F.2d 1, 33-36 (D.C. Cir. 1984). On remand, the district court will determine whether any claims are to be resurrected due to equitable tolling.

It is

**FURTHER ORDERED** and **ADJUDGED** that the judgment of the district court dismissing certain Plaintiffs' claims that the Government infringed their First Amendment rights by allowing chaplains to rate other chaplains is **AFFIRMED**. The district court correctly held the Plaintiffs did not state a claim on this point because the relevant allegations were speculative and implausible. *Adair v. England*, 183 F. Supp. 2d 31, 60-61 (2002). On appeal, the Plaintiffs construe this holding as resting on an "irrebuttable presumption" that naval officers always act with regularity. We disagree with the Plaintiffs' reading.

To state a claim under the Establishment Clause, the Plaintiffs had to allege either that the policy failed under *Larson v. Valente*, 456 U.S. 228 (1982), in that it granted a denominational preference without narrow tailoring to serve a compelling government interest, or that the policy failed under the three part test of *Lemon v. Kurtzmann*, 403 U.S. 602 (1971) (holding a law

4

violates the Establishment Clause if its (1) purpose or (2) effect favors a religion, or it creates (3) excessive entanglement between Government and religion). *See Adair*, 183 F. Supp. 2d at 47-49. Allowing chaplains to sit on chaplain selection boards does not create a *de jure* denominational preference and does not create excessive entanglement. The purpose of the policy is innocuous: "Staff corps promotion boards have been traditionally composed of officers who are members of the same staff corps" because "those in the same profession are more qualified to evaluate others in their profession." *Id.* at 61 (quoting *Emory v. Secretary of the Navy*, 708 F. Supp. 1335, 1339 (D.D.C. 1989)) (cleaned up). All that is left is discriminatory effect, but to believe this policy has a discriminatory effect would require the court to "believe that the usual rule for a chaplain sitting on a promotion board will be to discriminate." *Id.* at 60. The district court rightly found this conclusion implausible, especially given the Plaintiffs had only "highly speculative" allegations to support it. *Id.* at 60-61.

The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

5